# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| ALEJANDRO DAVALOS LOZA, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-3632 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner Alejandro Davalos Loza seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a conviction in the 182nd Judicial District Court of Harris County, Texas. Respondent filed a motion for summary judgment on the ground that the petition for writ of habeas corpus is time-barred. (Docket Entry No. 11). Respondent also filed copies of the state court record. The petitioner has filed his response, (Docket Entry No. 15), and the respondent has filed a reply. (Docket Entry No. 17).

After careful consideration of the motion, the response, the record, and applicable authorities, the court grants respondent's motion. The reasons are stated below.

O:\RAO\VDG\2006\06-3632.b01

## I.     Background

A jury found Loza guilty of the felony offense of murder in Cause Number
807313. On March 15, 2000, the court sentenced Loza to sixty years imprisonment
and imposed a fine of $5,000. The Fourteenth Court of Appeals of Texas affirmed
Loza's conviction on July 11, 2002. Loza did not file a petition for discretionary
review in the Texas Court of Criminal Appeals.

Loza filed a motion for leave to file a petition for writ of mandamus in the
Texas Court of Criminal Appeals, which was received by that court on October 21,
2004. *Ex parte Loza,* Application No. 60,471-01 at 1. The Texas Court of Criminal
Appeals denied leave to file on November 10, 2004. *Id.* at cover.

Loza filed an application for state habeas corpus relief on August 29, 2006, and
the Texas Court of Criminal Appeals denied it without written order on findings of
the trial court without a hearing on October 11, 2006. *Ex parte Loza,* Application No.
60,471-02 at cover.

On November 17, 2006, this court received Loza's federal petition. The
petition was filed when Loza tendered it to the prison authorities for mailing to the
district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). The court will
presume that Loza deposited his federal petition in the prison mail on the date he

signed it, which is November 15, 2006. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th

Cir. 1998). Loza contends that his conviction is void for the following reasons:

(1) appellate counsel rendered ineffective assistance by filing the appellant's brief

nine months after the original due date; and

(2) the trial court failed to comply with the appellate court's order to appoint

substitute counsel.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

## II.    The Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.

L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for

federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment of a
> State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for seeking such
> review;
>     (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of the
> United States is removed, if the applicant was prevented from filing by
> such State action;
>     (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Loza's conviction became final when the time for filing a petition for discretionary review expired. The Fourteenth Court of Appeals affirmed Loza's conviction on July 11, 2002, giving Loza thirty days, or until August 10, 2002, to file a petition for discretionary review. TEX. R. APP. P. 68.2(a). Because August 10, 2002, fell on a Saturday, the last day on which Loza could have filed a petition for discretionary review was the following Monday, August 12, 2002. TEX. R. APP. P. 4.1(a).[1] Loza did not file a petition for discretionary review. Absent tolling, the one-year limitations period would end on August 12, 2003.

---

[1]Rule 4.1(a) of the Texas Rules of Appellate Procedure provides:
(a) In General. The day of an act, event, or default after which a designated period begins to run is not included when computing a period prescribed or allowed by these rules, by court order, or by statute. The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday. *Id.*

A properly filed application for state post-conviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). The one-year limitations period began on August 12, 2002. Loza waited until August 29, 2006, before filing his state application. The Texas Court of Criminal Appeals denied Loza's application on October 11, 2006. The limitations period ended on August 12, 2003, but Loza waited until November 15, 2006 before filing his federal petition. Loza's state application did not toll the limitations period because Loza filed it after the limitations period had ended. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

Loza argues that the limitations period should be tolled during the pendency of his petition for a writ of mandamus. (Docket Entry 15, Petitioner's Response, p. 2). Loza filed a motion for leave to file a petition for writ of mandamus in the Texas Court of Criminal Appeals, which was received by that court on October 21, 2004. *Ex parte Loza,* Application No. 60,471-01 at 1. The Texas Court of Criminal Appeals denied leave to file on November 10, 2004. *Id.* at cover.

In *Moore v. Cain,* 298 F.3d 361, 366 (5th Cir. 2002), the Fifth Circuit considered whether a mandamus application constitutes "other collateral relief" that will toll the federal limitations period. The Fifth Circuit determined that section 2244(d)(2) included "properly filed" state applications that seek "review" of the "pertinent judgment or claim," without regard to the name of the application or the

nature of the petitioner's state confinement.  The Fifth Circuit explained that the key inquiry is whether the prisoner's mandamus application sought "review" of the judgment under which he was incarcerated.  In *Moore,* the Fifth Circuit found that the mandamus application sought an order directing the trial court to perform its duty and did not challenge the judgment of conviction.  The Fifth Circuit concluded that the mandamus application did not toll the federal limitations period because it was not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment."

In his state court mandamus application, Loza sought to compel the state trial court to provide him with a copy of the criminal trial proceedings in Cause Number 807313.  *Ex parte Loza,* Application No. 60,471-01 at 1.  Loza's mandamus application sought an order directing the trial court to perform its duty, as did the mandamus application at issue in *Moore.*  Loza's petition for a writ of mandamus did not challenge the judgment under which Loza is incarcerated.  Loza's mandamus application did not toll the limitations period because it was not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment."

The statute of limitations can be equitably tolled in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)), *cert. denied,*

121 S. Ct. 622 (2000); *see also Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999)(asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis,* 158 F.3d at 811)). The Fifth Circuit has provided additional insight into the types of circumstances that may qualify as rare and exceptional so as to justify equitable tolling. In *Coleman,* for example, the court stated that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman,* 184 F.3d at 402 (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)). A "'garden variety claim of excusable neglect'" does not support equitable tolling. *Id.* "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Felder v. Johnson,* 204 F.3d 168, 173 (5th Cir. 2000)(quoting *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999)). *See Turner v. Johnson,* 177 F.3d 390, 291 (5th Cir. 1999); *see also Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991) (holding that equitable tolling of limitations under the Age Discrimination in Employment Act not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights).

Loza complains that his appeal was abated twice because his attorney delayed in filing the appellate brief. (Docket Entry 15, Petitioner's Response, p. 2). Because those matters occurred before the conviction became final on August 12, 2002, they had no effect on Loza's limitations period.

Loza also complains that his attorney did not advise him as to the result of his appeal. Loza states that he did not learn of the disposition of the appeal until he contacted the state court of appeals. Loza learned of the disposition on June 15, 2004. Loza argues that appellate counsel failed to keep him apprised of the appellate proceedings. Construed liberally, Loza argues that the ineffective assistance rendered by counsel should toll the one-year limitations period. The Fifth Circuit has held that while a criminal defendant has a right to effective assistance of counsel on a first appeal as of right, an alleged violation of that right does not toll the AEDPA's statute of limitations. *Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir. 2000). The alleged violation of Loza's Sixth Amendment right to effective assistance on appeal does not toll the limitations period.

Loza does not identify any other grounds for equitable tolling. The record does not disclose any basis to apply equitable tolling. *See, e.g., Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000)(finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the

alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.)(finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999). Loza's delays in filing his state habeas applications mitigate against the application of the tolling doctrine. *Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Loza may not rely on his status as an unskilled layperson to excuse the delay in filing this petition. It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991). *See United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993)(an inmate's pro se status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992)(holding

that neither prisoner's pro se status nor ignorance of the law constitutes "cause" for failing to include legal claim in prior petition); *see also Worthen v. Kaiser,* 952 F.2d 1266, 1268-68 (10th Cir. 1992)(petitioner's failure to discover the legal significance of the operative facts does not constitute cause).  Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations.  *Pro se* litigants are the rule, not the exception, in section 2254 suits.  *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993).  Loza's *pro se* status does not present a rare and exceptional circumstance that excuses the delay in filing his federal habeas petition.

Loza does not satisfy any of the exceptions to the AEDPA statute of limitations.  The record does not indicate that any unconstitutional state action prevented Loza from filing an application for federal habeas relief before the end of the limitations period.  28 U.S.C. § 2244(d)(1)(B).  Loza's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.  28 U.S.C. § 2244(d)(1)(C).  Loza's claims relate to the trial on March 15, 2000 and his subsequent appeal.  Loza has not shown that he did not know of the factual predicate of his claims earlier.  28 U.S.C. § 2244(d)(1)(D).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The pleadings and state court records show that Loza's federal petition is untimely. Respondent is entitled to judgment as a matter of law.

## III. Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 11), is GRANTED. Loza's petition for a writ of habeas corpus is DENIED. This case is DISMISSED with prejudice. All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

11

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Loza has not made the necessary showing. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on ___Oct. 19___, 2007.


VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE